**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff - Appellee,<br><br>  v.<br><br>PAULA CAMEO HARRIS,<br><br>        Defendant - Appellant. | No. 13-50478<br><br>D.C. No. 2:04-cr-01416-RGK-2<br><br><br>MEMORANDUM[*] |
| UNITED STATES OF AMERICA,<br><br>        Plaintiff - Appellee,<br><br>  v.<br><br>PAUL H. RICHARDS, II,<br><br>        Defendant - Appellant. | No. 13-50496<br><br>D.C. No. 2:04-cr-01416-RGK-1 |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted March 4, 2015
Pasadena California

        [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: FERNANDEZ, PARKER[**], and NGUYEN, Circuit Judges.

Paul Richards and Paula Cameo Harris appeal from their second re-sentencing arising from their convictions for various offenses including fraud, extortion, money laundering, false statements, and perjury. *See* 18 U.S.C. §§ 1001, 1346, 1341, 1623, 1951, & 1956(a)(1)(A)(i). At re-sentencing, the district court reduced both their sentences to below-Guidelines sentences of 168 months for Richards and 66 months for Harris, but declined to alter the underlying Guidelines calculations or change the amount of money either defendant owed in restitution. Both defendants argue that their sentences are procedurally and substantively unreasonable. Additionally, Harris argues that the district court erred in calculating the amount of her restitution.

A district court's sentencing decisions are reviewed for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 49 (2007). This Court also reviews restitution decisions for abuse of discretion. *United States v. De La Fuente*, 353 F.3d 766, 722 (9th Cir. 2003) .

Richards argues that his sentence is procedurally unreasonable because the court failed to alter his Guidelines calculation after some of his honest services

---

[**] The Honorable Barrington D. Parker, Jr., Senior Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

fraud convictions were vacated under *United States v. Skilling*. 561 U.S. 358 (2010). He also contends that the district court failed to explain its decision. However, Richards' remaining convictions include several counts of honest services fraud and enough intended loss remains attributable to his fraud that his Guidelines range was not altered. In any event, the district court chose to vary downward from the Guidelines in fashioning an appropriate sentence and sufficiently justified that decision. *See United States v. Carty*, 520 F.3d 984, 991-93 (9th Cir. 2008) (en banc).

Harris makes the same arguments as Richards in relation to vacated honest services fraud convictions and also points out an uncorrected error in her Presentencing Report. The Government agrees that this error exists and that it affected the district court's calculation of intended loss, but disagrees with Harris' assertion that removing the error would alter her final Guidelines calculation. We agree with the Government that the Guideline range would not be altered. Moreover, the district court ultimately did not rely on this calculation in sentencing, and varied downward from her Guidelines range because of concerns on the part of the court that it did not appropriately reflect Harris' lesser degree of culpability. The court adequately explained this choice. *See id.*

However, the district court erred in its restitution calculation because it attributed losses to Harris that she had no part in creating. Specifically, both she and the Government agree that Harris played no part in the waste hauling scheme in which Richards and another defendant were charged. But the district court erroneously attributed this fraud to Harris in determining how much restitution she owed. *See United States v. DeGeorge*, 380 F.3d 1203, 1221 (9th Cir. 2004) (restitution must be "*directly*, not tangentially, related to [the defendant's offenses]") (emphasis in original). Therefore, we vacate the district court's restitution order and remand for the limited purpose of correcting this error.

**AFFIRMED in part and VACATED and REMANDED in part.**